UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-21956-CIV-WILLIAMS/MCALILEY

HAZINE CHERMON CHERY,

    Plaintiff,

vs.

ALIEN PROPERTY CUSTODIAN,

    Defendant.

_____/

# REPORT AND RECOMMENDATION
# AND ORDER

Plaintiff, Hazine Chermon Chery, filed a *pro se* Motion for Entry of Default Judgment against Defendant, Alien Property Custodian. (ECF No. 15). To date, no attorney has filed a notice of appearance or a responsive pleading on behalf of Defendant. The Honorable Kathleen M. Williams referred the Motion to me for a report and recommendation, (ECF No. 19), and I recommend here that the Court deny the Motion. Thereafter, I order Plaintiff to address her untimely service of process.

**I.    Report and recommendation on motion for default judgment**

The Clerk of the Court has not entered a default, which is a necessary prerequisite to a motion for entry of default judgment, and this is the first reason why the Court should deny the Motion. Federal Rule of Civil Procedure 55 sets out a two-step process to obtain a default judgment: (1) the clerk must enter a default against a party who "has failed to plead or otherwise defend" and (2) once a default has been entered, the plaintiff must move

1

for default judgment. Fed. R. Civ. P. 55; *Bureau of Dangerous Goods, Ltd. v. Hazmat Software, LLC*, No. 11-cv-774, 2011 WL 4375029, at *1 (M.D. Fla. Aug. 30, 2011) (citations omitted), *report and recommendation adopted*, 2011 WL 4382703 (M.D. Fla. Sept. 20, 2011). A court may not combine the two steps into one, and the clerk's entry of default must precede an application for default judgment. *Bureau of Dangerous Goods*, 2011 WL 4375029, at *1-2 (citations omitted). This alone justifies denial of Plaintiff's Motion. *See id.*

Even had the Clerk entered a default, default judgment would not be appropriate. Before the Court may enter a default judgment, it must be satisfied that it has personal jurisdiction. *See Fameflynet, Inc. v. Oxamedia Corp.*, No. 17-80879, 2018 WL 8244525, at *1 (S.D. Fla. May 1, 2018) (citations omitted). This requires the Court to determine that Defendant was properly served. *See id.*

On May 25, 2021, Plaintiff filed this action against Alien Property Custodian. On June 7, 2021, Plaintiff served the Complaint and summons upon the U.S. Treasury Department, Office of the Executive Secretary, Attention: Alien Property Custodian, at 1500 Pennsylvania Avenue, Washington, DC 20220, via United States Postal Service Express Mail. (ECF No. 10-1).[1] This method of service fails to comply with Federal Rule

---

[1] The Court's own research indicates that the United States established the Office of Alien Property Custodian in 1917, to assume control and dispose of enemy-owned property in the U.S. *See Records of the office of Alien Property*, National Archives (Aug. 15, 2016), https://www.archives.gov/research/guide-fed-records/groups/131.html#131.1. That Office was abolished in 1934, but its functions continued under other U.S. offices. *Id.* Ultimately, the functions related to foreign funds control were transferred to the Office of Foreign Assets Control, Treasury Department, and other alien property functions were transferred to the Assistant Attorney General, Civil Division, Department of Justice. *Id.*

of Civil Procedure 4(i), which governs service upon the United States and its agencies, corporations, officers, or employees. It states:

> (1) *United States.* To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i).

Plaintiff's service of process does not satisfy Rule 4(i) and it is therefore improper. "Without personal service of process in accordance with applicable law, a federal court is without jurisdiction to render a personal judgment against a defendant." *Fameflynet, Inc.*, 2018 WL 8244525, at *1 (citation omitted).

3

For these reasons, the Court should deny Plaintiff's Motion for Entry of Default Judgment, (ECF No. 15).

## II.     Order that Plaintiff address untimely service

It appears the Court must dismiss the Complaint for untimely service. Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve the defendant "within 90 days after the complaint is filed". If the plaintiff fails to do so, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows "good cause" for the failure to effect service, the court must extend the time for service for an appropriate period. *Id.*

More than 90 days have passed since Plaintiff filed the Complaint, without service of Defendant. Given the apparent non-existence of the named Defendant – the Alien Property Custodian – it is difficult to imagine how Plaintiff might identify good cause that would justify the Court providing him with more time to properly serve Defendant.

The Court therefore **ORDERS** Plaintiff to file, within the same time period set forth below for objections, a notice that either 1) agrees that the Court should dismiss this action without prejudice, or 2) sets forth good cause for Plaintiff's failure to effect proper service and explains why Plaintiff believes he can effect proper service on the named Defendant within a reasonable period of time.

## III.    Objections

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those

4

factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in Miami, Florida this 15th day of September 2021.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
    Counsel of record