**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 21-21956-CIV-WILLIAMS**

HAZINE CHERMON CHERY,

      Plaintiff,

v.

ALIEN PROPERTY CUSTODIAN,

      Defendant.

_____/

## <u>ORDER</u>

**THIS MATTER** is before the Court on United States Magistrate Judge Chris M. McAliley's

Report and Recommendation ("***the Report***") (DE 24) that the Court deny *pro se* Plaintiff Hazine

Chermon Chery's ("***Plaintiff***") Motion for Default Judgment ("***Motion for Default***") (DE 15) against

Defendant Alien Property Custodian ("***Defendant***"). Plaintiff has objected to the Report. (DE 25.)

For the following reasons, the conclusions in the Report are affirmed and adopted, the Motion for

Default is denied, and this case is dismissed.

### I.    BACKGROUND

On May 26, 2021, Plaintiff initiated the above-captioned case against Defendant. (DE 1.)

In the Complaint, Plaintiff purports to bring this action under Section 9(a) of the federal Trading

with the Enemy Act ("***TWEA***"), codified at 50 U.S.C. §4301, *et seq.* (*Id.* at ¶ 6.) Plaintiff claims that

a "[s]ecurities [f]und" and "[m]unicipal [i]ncome [f]und" were "conveyed, transferred, assigned,

delivered, or paid to, seized by and held by" Defendant. (*Id.* at ¶ 10.) Plaintiff claims that Defendant

"has appropriated the use and right of way of said property, interest, right, and title" and that

Plaintiff has been "deprived of the interest, right, and title in any money and other property in

connection therein." (*Id.* at ¶ 12.) Plaintiff states that he is "entitled to the interest, right, and title

in any money or property which have been . . . held by the Defendant" pursuant to Section 9(a)

of the TWEA. (*Id.* at ¶ 13.) Plaintiff seeks "equitable relief" in the form of three Court orders that,

*inter alia*, require Defendant to convey the relevant property to Plaintiff and "grant[] an injunction in favor of the Plaintiff . . . against the United States." (*Id.* at 4–5.)

Although Plaintiff's Complaint identifies "Alien Property Custodian" as the sole Defendant in this case (DE 1 at 1), Plaintiff's Complaint does not otherwise explain with any specificity the nature of Defendant's existence. Nevertheless, Section 9(a) of the TWEA, under which Plaintiff purports to bring this suit, states in relevant part:

> Any person not an enemy or ally of enemy claiming any interest, right, or title in any money or other property which may have been conveyed, transferred, assigned, delivered, or paid to the Alien Property Custodian or seized by him hereunder and held by him or by the Treasurer of the United States, or to whom any debt may be owing from an enemy or ally of enemy whose property or any part thereof shall have been conveyed, transferred, assigned, delivered, or paid to the Alien Property Custodian . . . may file with the said custodian a notice of his claim under oath and in such form and containing such particulars as the said custodian shall require . . . . [and] if the claimant shall have filed the notice as above required and shall have made no application to the President, said claimant may institute a suit in equity in the United States District Court for the District of Columbia or in the district court of the United States for the district in which such claimant resides . . . to establish the interest, right, title, or debt so claimed, and if so established the court shall order the payment, conveyance, transfer, assignment, or delivery to said claimant of the money or other property so held by the Alien Property Custodian or by the Treasurer of the United States or the interest therein to which the court shall determine said claimant is entitled.

50 U.S.C. § 4309(a).

On June 10, 2021, Plaintiff filed what he claims is proof of service on Defendant, suggesting that Defendant's answer was due by August 6, 2021. (DE 10.) The purported summons states that Defendant was served at the address "United States Department of the Treasury Office of the Executive Secretary Attention: Alien Property Custodian 1500 Pennsylvania Ave, NW Washington D.C. 20220." (DE 10-1 at 3.) On August 12, 2021, Plaintiff filed the Motion for Default and stated that "Defendant has failed to plead or otherwise defend this action, and the Plaintiff is entitled to judgment by default against [D]efendant." (DE 15 at 2.) On August 18, 2021, the Court referred the Motion for Default to Judge McAliley for a report and recommendation. (DE 19.)

On September 15, 2021, Judge McAliley issued the Report (DE 24), which recommends that the Court deny Plaintiff's Motion for Default because: (1) the Clerk of Court has not entered a default, "which is a necessary prerequisite to a motion for entry of default judgment"; and (2) even if the Clerk entered default, "th[e] method of service [employed by Plaintiff] fails to comply with Federal Rule of Civil Procedure 4(i), which governs service upon the United States and its agencies, corporations, officers, or employees." (DE 24 at 3.) Judge McAliley then stated that "[i]t appears the Court must dismiss the Complaint for untimely service," given that more than 90 days had passed since Plaintiff filed the Complaint without perfection of service and that Defendant apparently does not exist. (*Id.* at 4.) Before setting forth the procedure for Plaintiff to object to the Report, Judge McAliley ordered Plaintiff to file a notice, stating:

> The Court therefore ORDERS Plaintiff to file, within the same time period set forth below for objections, a notice that either 1) agrees that the Court should dismiss this action without prejudice, or 2) sets forth good cause for Plaintiff's failure to effect proper service and explains why Plaintiff believes he can effect proper service on the named Defendant within a reasonable period of time.

(*Id.*) On September 28, 2021, Plaintiff filed the "Notice of Objections to the Report and Recommendation" ("**Plaintiff's Response**"). (DE 25.)

## II.   DISCUSSION

First, the Court agrees with the Report that it does not appear that Defendant is an existing entity or individual. Given the dearth of information in Plaintiff's Complaint and Plaintiff's Response about the nature of Defendant's existence, the Court has reviewed the record, case law, and publicly-available sources regarding "Alien Property Custodian." In sum, no credible evidence suggests that Defendant is an existing entity, having been abolished decades ago.[1] Therefore, it

---

[1] Since Plaintiff initiated his claim under Section 9(a) of the TWEA, which includes the term "alien property custodian," the Court assumes that Plaintiff initiated this case against the "Office of Alien Property Custodian." The TWEA, first enacted by Congress in 1917, generally allows the President of the United States to restrict trade with other nations during wartime and seize the assets and properties of foreign enemies and their allies. *Glen v. Club Mediterranee S.A.*, 365 F. Supp. 2d 1263, 1271 (S.D. Fla. 2005); *see also* Stephen I. Vladeck, *Enemy Aliens, Enemy Property, and Access to the Courts*, 11 Lewis & Clark L. Rev. 963, 977–79 (2007). Section 6 of the TWEA authorizes the President to "appoint, prescribe the duties of, and fix the salary of an official to be known as the *alien property custodian*, who shall be empowered to receive all money and property in the United States due or belonging to an enemy, or ally of [an] enemy,

does not appear to the Court that Plaintiff is capable of perfecting service on the named Defendant within a "reasonable" period of time or at all.

Second, even assuming that Defendant is an existing entity or individual, the Court agrees with the Report's determination that Plaintiff has failed to perfect service in this case. (DE 24 at 2–3.) Rule 4(i) of the Federal Rules of Civil Procedure provides, "To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States *and* also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2) (emphasis added). Here, while Plaintiff's purported proof of service shows that he sent a copy of the summons and the Complaint to the U.S. Department of Treasury (DE 10), Plaintiff's Complaint, Plaintiff's Response, and the underlying record fail to explain why the Office of the Executive Secretary at the U.S. Department of Treasury is the appropriate party to be served for Defendant Alien Property Custodian.

Third, Plaintiff has failed to fulfill his obligation to "set[] forth good cause for [his] failure to effect proper service and explain[] why [he] believes he can effect proper service on the named Defendant within a reasonable period of time," as the Report ordered. (DE 24 at 4.) For example, Plaintiff's Response does not state that he actually complied with Rule 4(i)'s requirements by delivering a copy of the summons and the Complaint to the U.S. Attorney's Office for the Southern District of Florida (or that office's civil-process clerk) or by sending a copy of each to the U.S. Attorney General. *See* Fed. R. Civ. P. 4(i)(1)(A)–(B). And Plaintiff's Response also fails to explain *why* he failed to comply with these requirements. Instead, Plaintiff claims that "service of process

---

which may be paid, conveyed, transferred, assigned, or delivered to said [alien property] custodian . . . ." 50 U.S.C. § 4306 (emphasis added). In 1917, pursuant to Section 6, President Woodrow Wilson first created the Office of Alien Property Custodian, which functioned during World War I and World War II to seize the property and assets of foreign enemies and their allies. *See* Exec. Order 2744 (1917). It appears that the Office was then terminated and reinstated several times, before finally being abolished in 1946. *See* Exec. Order 9788, 11 Fed. Reg. 11981 (1946). Additional functions were then transferred to other federal governmental entities. *See* Exec. Order 11281, 31 Fed. Reg. 7215 (1966).

was satisfied by Federal Rule of Civil Procedure 4(i)(3) and 4(e) which govern Officer or Employee Sued Individually and Serving an Individual Within a Judicial District of the United States." (DE 25 at 4.) However, Plaintiff has not indicated that he believes Defendant is an individual. But even if Plaintiff had identified "Alien Property Custodian" as an individual, Plaintiff still failed to perfect service; mailing an individual a copy of the summons and the Complaint does not constitute personal service under Rule 4, *unless* Defendant has agreed to waive service. *See* Fed. R. Civ. P. 4(d)–(e).

Fourth, based on the foregoing, Plaintiff has also failed to prosecute this case. Rule 41(b) of the Federal Rules of Civil Procedure states, "If [a] plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the [C]ourt and may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases." *Solis v. CitiMortgage, Inc.*, 700 F. App'x 965, 969 (11th Cir. 2017) (quoting *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)); *see also Dynasty Mgmt., LLC v. Alsina*, 2016 WL 9382937, at *2 (S.D. Fla. Oct. 5, 2016) (citations omitted) ("A district court has the authority to *sua sponte* dismiss a case under its inherent power to manage its docket . . . . dismiss[ing] an action for failure to comply with local rules . . . or for want of prosecution when necessary to maintain the orderly administration of justice . . . ."). Here, the Report ordered Plaintiff to show good cause as to why he failed to perfect service and to explain how he can do so within a reasonable time period. Plaintiff's Response fails to address these issues as required and instead discusses matters not at issue in the Report or this case.[2] Consequently, the Court is left without any explanation as to why Plaintiff has yet to perfect service, how he can do so within a reasonable

---

[2] For instance, a significant portion of Plaintiff's Response discusses the oath that federal judges must take before performing their duties, asks whether a timeframe exists for a magistrate judge to issue a report and recommendation following a referral, and discusses the role of Rule 61 of the Federal Rules of Civil Procedure in this case. (*See* DE 25.)

time period, and most importantly, whether Defendant even exists. Plaintiff's failure to comply with the Report's order has left this litigation adrift: without clear answers as to Defendant's existence or Plaintiff's ability to serve Defendant, Defendant cannot be served and this case cannot proceed. Therefore, the Court must dismiss Plaintiff's case due to his failure to prosecute.[3]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The conclusions in the Report (DE 24) are **AFFIRMED AND ADOPTED**.

2. Plaintiff's Motion for Default (DE 15) is **DENIED**.

3. Pursuant to Fed. R. Civ. P. 41, this case is **DISMISSED**.

4. All pending motions are **DENIED AS MOOT**.

5. Any pending deadlines, hearings, and/or trial settings are **CANCELED**.

6. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida on this <u>14th</u> day of March, 2022.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[3] Although courts within the Eleventh Circuit "liberally construe a *pro se* litigant's pleadings," *Wellington v. Royal Caribbean Cruises, Ltd.*, 511 F. App'x 974, 976 (11th Cir. 2013) (citing *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008)), Plaintiff's *pro se* status does not absolve him of a continuing obligation to adhere to the Court's orders, including the Report's order to "set[] forth good cause" regarding Plaintiff's failure to perfect service. (DE 24 at 4; *see also* DE 17 (informing Plaintiff that "*[p]ro se* litigants, like all litigants, are required to comply with the rules of civil procedure and the Court's orders); DE 18 (directing Plaintiff to "adhere to" these rules).)

Copies furnished to:

Hazine Chermon Chery, *Pro Se*
132 NE 57 Street
Miami, FL 33137